HYDE CABOT *v.* ROSWELL S. BURNHAM; DYER WALTON *trustee ;* DANIEL BURNHAM, *claimant.*

*Right of claimant, in trustee suit before justice, to appeal.*

A claimant of the effects in the hands of a person summoned as trustee in a suit before a justice can only appeal, if at all, in such cases as are appealable by the other parties. If, therefore, the action be upon a note for less than $20, and the indebtedness of the trustee be upon a similar note, the claimant cannot appeal from a decision and judgment adverse to his claim.

APPEAL from a justice's judgment in an action upon a note for $18. Before the justice, the trustee disclosed that he was indebted to the principal defendant upon a note for less than $20. The claimant appeared before the justice, and claimed the note against the trustee, as belonging to him, but the justice rendered judgment in favor of the plaintiff against the trustee, for the amount due on the note, which was less than the judgment recovered against the principal defendant. The claimant appealed. In the county court, January Term, 1856,—UNDERWOOD, J., presiding,—the appeal, on motion of the plaintiff, was dismissed, to which the claimant excepted.

*O. W. ·Clarke* for the claimant.

*W. Hebard* for the plaintiff.

BY THE COURT, REDFIELD CH. J. This is an appeal from a justice's judgment, by the claimant, in an action upon a note less than $20. If the claimant is allowed to appeal, in such cases, because he is a party, he can only appeal, we think, in such cases as are appealable by the other parties, if they desire to appeal.

The judgment only affects him to the same extent it does other parties, *i. e.* its amount, which seems the ground of denying appeals in actions on notes of $20 or less. And the fact that he is interested in a collateral issue will make no difference in regard to the right of appeal; if so, all cases might be appealed by the claimant, when otherwise final, even where the controversy was in regard to a note less than $20, which would not be appealable when the action was directly upon the note.

Judgment affirmed.